## HARDING vs. FOXCROFT, Sheriff, &c.

Where two, being joint owners of a vessel, agreed to send her on a foreign voyage for their mutual benefit; and part of the outward cargo was purchased by each, separately, and part by both, jointly ;—it was held that they were still but tenants in common of the property, and not partners ; and that therefore a creditor of both owners, for cordage for the vessel, was not entitled to priority in payment, out of the vessel and cargo, against the separate creditors of either.

This was an action of the case against the sheriff, for the default of his deputy, in not giving a priority of satisfaction to the plaintiff's execution against *Webster* and *Minchin & Willis*, out of the proceeds of their vessel and cargo.

At the trial, before the Chief Justice, it appeared that the plaintiff's demand was for cordage furnished to the vessel ; that *Webster* owned one half of her, and *Minchin & Willis*, who were general partners in trade, owned the other ; that the cargo was purchased partly by *Webster*, on his own account, partly by *Minchin & Willis*, on theirs, and partly by all the three on their joint account and credit ; but that *Webster* had no right to bind the others, nor they to bind him, they not being partners in trade. And it further appeared that the officer had applied the proceeds of the sales of the vessel and cargo to the satisfaction of executions against the owners, *severally*, in cases where the attachments were of an earlier date than the plaintiff's.

The plaintiff claimed the right to a priority of satisfaction, contending that his was a claim against all the owners, *quasi* partners, and for materials found for the vessel. But the Chief Justice ordered a nonsuit, reserving the point for the consideration of the Court.

*Greenleaf* and *Deblois*, for the plaintiff, would have maintained the action on the ground that here was a special partnership among

the owners, for the particular voyage, both in the vessel and cargo ; necessarily incident to the method of the trade ; and that as to all debts growing out of this particular adventure, and created on the joint credit of all the owners, the creditors had the same right of priority in payment, as the partnership creditors of general partners in trade. *Ensign v. Ward,* 1 *Johns. Ca.* 171 ; *Dwight v. Brewster,* 1 *Pick.* 54 ; *De Bukom v. Smith,* 1 *Esp.* 29 ; *Doddington v. Hallet,* 1 *Ves.* 497 ; *Watson on Partn.* 139, 142 ; *Mumford v. Nichol,* 20 *Johns.* 611, *note* ; *Hesketh v. Blanchard,* 4 *East* 143.

*Longfellow,* for the defendant.

Mellen C. J. delivered the opinion of the Court.

The only question presented in this case is, whether the property in the vessel and cargo, was of such a character, and so holden by *Minchin & Willis* and *Webster,* as that it was liable to pay their joint debts in preference to debts due from them severally. If not so liable, this action cannot be maintained ; because it appears by the report that the plaintiff's attachment was not made till after those of all the other creditors, on whose executions the vessel and cargo were sold within thirty days after judgment. The deputy of the defendant, for whose alleged neglect the suit is brought, has accounted for all the property ; and has done it legally, provided he has accounted to those legally entitled to receive it. The plaintiff founds his claim on the assumed fact, that *Minchin, Willis* and *Webster,* were, in respect to the vessel and cargo, joint tenants and partners ; and that the property in question, was subject to the payment of their joint debts, upon the same principle as all partnership property is liable. If the fact assumed is correct and true, the authorities are very clear that the action is well maintained, on the established ground that partnership debts must be paid, before the debts due from either of the partners, out of the joint fund. There may be a partnership, as well as a cotenancy, in a vessel. When a person is to be considered as a part-owner, and when as a partner, in a ship, depends on circumstances. The former is the general relation between ship owners ; and the latter the exception ; and it is requir-

ed to be shown specially. Instead of being so shown in the present case, the proof is that *Minchin, Willis* and *Webster* were not partners; that *Minchin & Willis* had no right to bind *Webster*, nor *Webster* any right to bind them. As to the vessel, then, there can be no question. The firm of *Minchin & Willis* own their part of the vessel as tenants in common with *Webster*. 3 *Kent's Commentaries*, 114, 117, and cases there cited. *Lamb v. Durant*, 12 *Mass.* 65.

As to the cargo, the idea of a partnership is expressly negatived by the plaintiff's own testimony, as abovementioned. It is true, some parts of the cargo were purchased by the owners severally, and put on board, and some parts were purchased on joint account; but to constitute a partnership, persons must not only be jointly concerned in the purchase, but jointly concerned in the future sale. 1 *H. Bl.* 48; *Hoare v. Dawes*, 1 *Dougl.* 371; *Watson*, 1.—5; 2 *Johns. Cases*, 327; *Holms v. U. Ins. Company.* 3 *Kent*, 3, 4, and cases there cited; and *Rice v. Austin*, 17 *Mass.* 197. In *Jackson v. Robinson*, 3 *Mason*, 138; four persons were part owners of a ship in certain proportions, and purchased a cargo by an agreement, on their account, in like proportions. The bill of lading purported to be a shipment on account and risk of the owners of the vessel. It was decided that the cargo was owned in common by them, and not in partnership. The facts in that case bear a strong resemblance to those in the case at bar. See also the case of *Thorndike v. DeWolf*, 6 *Pick.* 120.

We do not perceive that any importance can be attached to the circumstance that the plaintiff's claim, for which he recovered his judgment, was for cordage supplied to the owners of the vessel. The owners of a vessel are analogous to partners, and liable as such for necessary repairs and stores ordered by one of themselves; and this is the principle and limit of the liability of part owners. See 3 *Kent's Com.* 117; *Wright v. Hunter*, 1 *East*, 20; *Scott v. Stanley*, 1 *Dall.* 129. The owners became jointly liable for the price of the cordage to the plaintiff who furnished it; yet it became a part of the vessel, and was then owned by them in common, in the same manner as the vessel was owned.

We do not perceive any reasons for disturbing the nonsuit.

*Judgment for the defendant.*